## PROSECUTION FOR SOLICITING A BRIBE.

Common Pleas Court of Franklin County.

THE STATE OF OHIO v. GEORGE B. NYE.

Decided, May 23, 1911.

*Criminal Law—Indictment for Soliciting a Bribe, Good Against Demurrer, When—Recitals Which Show the Crime to Have Been Complete—Section 12823.*

An indictment for soliciting a bribe is not deficient because of failure to charge that the solicitation was for the purpose of influencing official duty or action, but the crime is shown to have been complete if the solicitation was of such a character as to exhibit a willingness to accept a bribe.

*T. S. Hogan,* Attorney-General and *Edward C. Turner,* Prosecuting Attorney, for the state.

*C. J. Mattern* and *Belcher & Connor,* contra.

KINKEAD, J.

The submission is upon demurrer to indictment. There was, according to my first impressions, debatable ground in the question presented. There seems, however, to be no other rational conclusion than the one arrived at in this opinion.

The indictment charges that defendant was at the time hereinafter mentioned:

"1. A member of the House of Representatives of the General Assembly of Ohio.

"2. That on or about the 18th day of April, 1911, there was pending in said House of Representatives and before the said George B. Nye as a member of said House Representatives a certain matter, to-wit, a bill, numbered. H. B. 555, and entitled: A bill to change and apportion the fifth and seventh common pleas judicial districts of the state of Ohio, and to repeal certain acts and parts of acts.

"3. That on said date George B. Nye, as a member of said House of Representatives, and while said bill was so pending in said House of Representatives and before the said George B. Nye as a member thereof as aforesaid, *with the intent and purpose that he, the said George B. Nye, might be then and there influenced with respect to his official duty and that he, the said George B. Nye, might be then and there influenced in his action, opinion, judgment, and vote,* in regard to the passage of said bill numbered H. B. No. 555, which said bill was then and there a matter pending in said House of Representatives and before said George B. Nye as a member thereof as aforesaid, then and there did unlawfully and corruptly *solicit* from one E. A. Crawford a certain valuable thing, to-wit, money, of the amount and value of five hundred dollars."

It is argued upon demurrer that the indictment is fatally deficient in that it does not follow the language of the statute; that the charge is not plain, direct and specific, but that the purpose and intent, which is essential to constitute the crime of soliciting a bribe to influence official duty, action, vote, opinion or judgment as required by statute, is left to inference.

The rule of criminal pleading is that:

"A criminal charge should be preferred with such certainty and precision as will reasonably apprise the party charged of that which he may expect to meet and be required to answer, and so that the court may determine without unreasonable difficulty what evidence is admissible." *DuBrul* v. *State,* 80 O. S., 52.

"Where the crime is statutory it is essential that the indictment should charge with certainty and precision all of the facts necessary to constitute the offense, and *must conform to the language* or state all the facts which bring it within the terms of the statute. And the crime described by the statute must be charged by plain allegations, not by inferences merely." *State* v. *Meysenburg,* 171 Mo., 1.

The claim is made by the defense that the averment, "with the intent and purpose that he, the said George B. Nye, might be then and there influenced with respect to his official duty, and that he might be then and there influenced in his action, opinion, judgment, and vote," does not clearly and specifically charge that Nye solicited the money *to* influence his official action, or to influence his action, vote, opinion or judgment.

It is urged that Nye solicited the money with the idea or purpose of being influenced in his vote; that he must solicit the money for the purpose of influencing his vote with partiality towards the person from whom the bribe is solicited.

What is the crime of soliciting a bribe provided by Section 12823?

"Whoever being a member of the General Assembly * * * *solicits* * * * any valuable or beneficial thing *to influence* him with respect to his official duty or *to influence* his action, vote, opinion or judgment," etc.

The crime is *to solicit* some valuable thing to influence the person soliciting the same in his official duty. To solicit something to influence official action is different from acceptance of something to influence official action.

Solicitation of something to influence involves the idea of a mental attitude on the part of the person soliciting that he might be influenced by the acceptance of a bribe, or that he may, could or would be influenced. The person soliciting entertains the hope that he might be influenced provided the person of whom solicitation is made acts favorably upon the solicitation. The essential of the crime of soliciting a bribe is not that the person soliciting any valuable thing shall do more than indicate an attitude of mind that he might be willing to accept a bribe. To be guilty of this crime the person need only indicate in open form that he might be influenced by the receipt of a valuable thing; he need only show or communicate a purpose to accept a bribe, a willingness to accept one; and the word *might* in the indictment is expressive of the purpose, willingness or mental attitude in respect to the acceptance of a bribe. One need not indicate in form or substance that he positively would be influenced in a particular way by the acceptance of a bribe.

The vice of the act of soliciting a bribe is the affirmative display of a mental attitude of willingness to accept a bribe, so as to throw temptation in the way of those who may be willing and anxious to give a bribe.

The law evidently is founded upon the idea that the character of a public official is sacred, and, like the virtue of a woman, is not subject to attack as long as he does not display a mental attitude of willingness to consider a bribe. When a person asks for a thing, or solicits a valuable thing that he might be influenced in respect to his official duty, vote, opinion or judgment in a matter pending or which might legally come before him, the crime is complete.

The certainty which criminal pleading requires to be shown by the indictment is merely whether it is made to appear that the accused had shown a willingness to accept a bribe, not that he positively will be influenced favorably to the person from whom the same is solicited. The act of soliciting is the manifestation of a corrupt mind; a mind that awaits and hopes for the receipt of a valuable thing that it might be influenced; the mind that will be influenced is contingent upon the receipt of the valuable thing solicited. The statute makes no distinction in expressing the act *in praesenti* and the act *in futuro*. The thing to be borne in mind is that the mind of the person soliciting is to be influenced; the act is to take place in the future. The essentials of the crime are that the defendant solicited a valuable thing; that he solicited it with the hope of being influenced, and that his act was a corrupt one. These three elements of the crime being reasonably certain from the allegations of the indictment, it is therefore sufficient.

A great advance has been made in the laws relating to crimes and criminal procedure. In earlier law when those charged with felonies had few rights, it was not strange that humane judges, *in favorem vitae* would determine cases upon technialities which are now regarded as frivolous.

The law now is formal and technical inaccuracies are disregarded, but all matters of substance are preserved at every stage, and the accused is afforded a trial as full, fair and impartial as can be reasonably desired.

The objection to the indictment raised by the demurrer seemed technical, and still there may have appeared to have been merit in it, if the mind was not clear as to the nature of the crime charged. Some confusion may arise from the statute itself.

The demurrer to the indictment is overruled.

---

## CHARACTER OF A DECREE FOR ALIMONY AGAINST A NON-RESIDENT.